UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>    vs.<br>WAYNE O. MORRIS, II,<br>                    Defendant. | No. 2:15-CR-0018-JLQ<br><br>ORDER RE: COMPLIANCE<br>WITH 18 U.S.C. § 3509(d) |

BEFORE THE COURT are the Government's Motion for Protective Order (ECF No. 41) and Motion to Expedite (ECF No. 42). The Government represents that the discovery in this matter, relating to alleged victims who have submitted restitution requests, "includes statements from several potential minor victims...who are alleged to have been victims of crimes of sexual exploitation." (ECF No. 41, p. 1-2). The Government therefore urges that the provisions of 18 U.S.C. § 3509 apply, and requests a Protective Order pursuant to § 3509(d). This request is routinely made by the Government in these types of cases, and typically without objection from Defendant. Defendant has not responded to the instant Motion, and the court hereby grants the request to expedite. Defendant may seek relief from this Order at a later time if necessary.

**IT IS HEREBY ORDERED**:

1. The Motion to Expedite (ECF No. 42) is **GRANTED**.

2. The Motion for Protective Order (ECF No. 41) is **GRANTED** as set forth herein.

3. The privacy protection measures mandated by 18 U.S.C. § 3509(d), when the

ORDER - 1

case involves a person under the age of eighteen years who is an alleged victim of a crime of sexual exploitation, or witness to a crime allegedly committed against another person, apply to this case.

4. All persons acting in this case in a capacity described in 18 U.S.C. § 3509(d)(1)(B) shall:

A. Keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access; and

B. Disclose such documents or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reasons to know such information.

5. All papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal **without necessity of obtaining a further court order**, and the person filing shall submit to the clerk of the court:

A. The complete paper to be kept under seal; and

B. The paper with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record.

6. Counsel shall provide one another a copy of each unredacted pleading filed in this case, unless such pleading is submitted *in camera*.

7. The parties and the witnesses shall not, without the prior approval of the court, disclose an alleged minor victim's name at pretrial proceedings or at trial in this case. The parties shall, subject to the Order of the court, prepare their witnesses and instruct them to refer to the alleged minor victims only by using pseudonyms (e.g., "Jane Doe 1", "John Doe 2", or by their initials) as agreed to by counsel. Counsel shall also use the pseudonyms in opening statement and closing argument. The pseudonyms shall not be "Victim A", "Victim B" as suggested by the Government in the Proposed Order.

ORDER - 2

**IT IS SO ORDERED**.

The Clerk shall enter this Order and furnish copies to counsel.

Dated this 13th day of May, 2015.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3